24-2870-cv
*Vazquez v. 142 Knickerbocker Enter. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:
>> GERARD E. LYNCH,
>> STEVEN J. MENASHI,
>>> *Circuit Judges*,
>> JED S. RAKOFF,
>>> *District Judge*.*

———————————————————————

Santiago Alonso Vazquez, Salvador Santiago Bacilio, Telesforo Torres, Jose Gonzalez,

>> *Plaintiffs-Appellees*,

>> v.                                                          24-2870

Moshe Azoulay,

>> *Defendant-Appellant*,

142 Knickerbocker Enterprise Corp., DBA Wow Car Wash, George Auto Spa, Corp.,

>> *Defendants*.

———————————————————————

---

\* Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLEES:                         Stephen Bergstein,
                                                  Bergstein & Ullrich, New
                                                  Paltz, NY.

                                                  David Colodny, Catholic
                                                  Migration Services,
                                                  Sunnyside, NY.

FOR DEFENDANT-APPELLANT:                           Moshe Azoulay, pro se,
                                                  Apollo Beach, FL.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, J.; Kuo, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Moshe Azoulay, proceeding pro se, appeals from the judgment of the district court holding him liable for violating the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") and awarding damages to the plaintiffs as well as attorney's fees and costs. In 2013, the plaintiffs sued Azoulay, alleging that Azoulay failed to pay them the minimum wage when they worked for him at Wow Car Wash in violation of the FLSA and the NYLL, failed to pay overtime in violation of the FLSA and the NYLL, misappropriated tips in violation of the NYLL, and committed additional violations of the NYLL. The plaintiffs also alleged retaliation in violation of the FLSA and the NYLL.

The district court granted partial summary judgment to the plaintiffs on several of the NYLL claims, and this court affirmed. *See Vazquez v. 142 Knickerbocker Enterprise Corp.*, 409 F. Supp. 3d 81, 83-84 (E.D.N.Y. 2018); *Vazquez v. Azoulay*, 834 F. App'x 653, 655 (2d Cir. 2021). The plaintiffs later withdrew the minimum-wage and overtime claims under the FLSA. After a bench trial, the district court held Azoulay liable on all but one of the remaining claims and subsequently granted the plaintiffs' motion for attorney's fees. *See Vazquez v. 142 Knickerbocker Enterprises Corp.*, No. 13-CV-6085, 2024 WL 4437164, at *7, *15-18 (E.D.N.Y. Oct. 7, 2024); *Vazquez v. 142 Knickerbocker Enterprises Corp.*, No. 13-CV-

6085, 2024 WL 4432328, at *1 (E.D.N.Y. Oct. 7, 2024).[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal from a judgment after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Mayer v. Ringler Associates Inc.*, 9 F.4th 78, 84 (2d. Cir 2021) (quoting *Hartford Roman Cath. Diocesan Corp. v. Interstate Fire & Cas. Co.*, 905 F.3d 84, 88 (2d Cir. 2018)). "Mixed questions of law and fact are also reviewed de novo." *Hartford Roman Cath. Diocesan Corp.*, 905 F.3d at 88 (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 367 (2d Cir. 2008)). We are "not allowed to second-guess the factfinder's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 170 (2d Cir. 2020) (quoting *United States v. Williams*, 943 F.3d 606, 610 (2d Cir. 2019)).

The district court properly concluded that the plaintiffs prevailed on their NYLL minimum-wage and overtime claims. During the relevant period—November 2007 through April 2014—the applicable minimum wage was $7.15 per hour. *See* NYLL § 652(1). On July 24, 2009, the minimum wage increased to $7.25 per hour. *See id.*; 29 U.S.C. § 206(a). On December 31, 2013, it increased to $8.00 per hour. *See* NYLL § 652(1). State law requires employers to pay employees one-and-one-half times the regular hourly rate for all hours exceeding 40 per week. *See* 12 N.Y.C.R.R. § 142-2.2.

The evidence at trial supported the conclusion of the district court that Azoulay regularly underpaid the plaintiffs. In determining how much the plaintiffs were paid and how many hours they worked, the district court considered Azoulay's records of pay as well as the plaintiffs' records, paystubs, and testimony. The district court recognized inconsistencies in the evidence of the plaintiffs' hours, and it carefully determined the set of records on which it would rely for each time period. Where there were gaps in Azoulay's records, for example, the district court relied on the plaintiffs' testimony. And

---

[1] The district court held Azoulay liable on the NYLL minimum-wage and overtime claims, the NYLL tip-misappropriation claims, and the FLSA and NYLL retaliation claims. *See Vasquez*, 2024 WL 4437164, at *15. The district court dismissed the plaintiffs' claim for "off-the-clock work." *Id.* at *7.

where Azoulay's records were adequate, the district court credited those records over conflicting evidence. *See Vazquez*, 2024 WL 4437164, at *5.

Azoulay argues on appeal that there was no credible evidence that the plaintiffs were not paid minimum wage or that he withheld overtime pay. But the district court extensively evaluated the evidence showing the minimum-wage and overtime violations. Azoulay also challenges the district court's "extrapolation from limited records." Appellant's Br. 4. But where Azoulay's own records were incomplete, the district court relied on other evidence such as the plaintiffs' testimony. The district court expressly declined to extrapolate where there was insufficient evidence in the record. *See, e.g.*, *Vazquez*, 2024 WL 4437164, at *5 ("Without equivalent testimony about 2012 to 2014, there is insufficient support for extrapolating from other data to predict Torres's hours during these later gap periods."). Accordingly, Azoulay's argument regarding the credibility of the evidence supporting the minimum-wage and overtime violations is unavailing.

The district court also properly concluded that the plaintiffs prevailed on their NYLL tip-misappropriation claim. Under the NYLL, "[n]o employer … shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." NYLL § 196-d. The district court correctly concluded that Azoulay was not tip-eligible under the NYLL because he was the plaintiffs' employer. The evidence at trial showed that Azoulay owned Wow Car Wash, had the authority to hire and fire employees, and set employees' pay. Azoulay disputes whether he actually "retained" tips. Appellant's Br. 7-8. The district court, however, found that he did based on his contradictory prior testimony and his failure to explain the contradiction. *See Vazquez*, 2024 WL 4437164, at *8. The district court's factual finding is not clearly erroneous. The district court also properly concluded that managers at Wow Car Wash were not tip-eligible under the NYLL because they could and did hire employees. *See id.* at *12-13.

We see no error in the conclusion of the district court that Azoulay unlawfully retaliated against the plaintiffs. The FLSA and the NYLL prohibit employers from retaliating against employees who seek enforcement of those statutes. *See* 29 U.S.C. § 215(a)(3); NYLL § 215(1)(a). In this case, there was evidence of retaliation. The plaintiffs

sued, and Azoulay thereafter wrote to the court indicating that he had reported the plaintiffs to the IRS, the SSA, the FBI, and the New York Attorney General's office for criminal violations. On appeal, Azoulay argues that his actions were not retaliatory but a "reasonable attempt to meet legal obligations during litigation." Appellant's Br. 4-5. But the district court did not clearly err in concluding otherwise. Azoulay additionally argues that the district court had previously dismissed the plaintiffs' retaliation claims. In fact, the district court merely denied the plaintiffs' motion for summary judgment on those claims. *See Vasquez*, 409 F. Supp. 3d at 84.

Finally, the district court did not abuse its discretion by awarding attorney's fees. "We review a district court's award for attorney's fees, expenses, and costs for abuse of discretion." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 125 (2d Cir. 2023) (quoting *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019)). "Our review is 'highly deferential' in this area because of 'the district court's inherent institutional advantages' in determining attorneys' fees." *Id.* (quoting *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011)). "[T]he Supreme Court has said that it 'can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.'" *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Azoulay argues that the district court prematurely awarded attorney's fees before the substantive issues were resolved. Yet the district court ruled on the attorney's fees only after all substantive issues had been resolved. Azoulay also suggests that attorney's fees were improperly awarded because the plaintiffs' counsel engaged in unethical conduct. This argument repeats allegations previously presented to the district court in a letter that the district court soundly concluded was a retaliatory threat.

We have considered Azoulay's remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court